AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| BEEBE, Michael | ) | Case No. 6:26 mj 00021 HBK |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 11th, 2026 _____ in the county of _____ Mariposa _____ in the _____ Eastern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1. 36 CFR 4.23 (a)(1) | 1. Operating or being in actual physical control of a motor vehicle is prohibited while under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation |
| 2. 36 CFR 4.22 (b)(3) | |
| 3. 18 U.S. Code 13 (a) - CA Penal Code 273a (a) | 2. Failing to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife. |
| | 3. Willfully causes or permits that child to be placed in a situation where his or her person or health is endangered. |

This criminal complaint is based on these facts:

See attached affadavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Hunter Barry, U.S. Park Ranger
*Printed name and title*

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date:  6/12/2026

_____
*Judge's signature*

City and state:  Yosemite National Park, CA

Helena M. Barch-Kuchta
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## BACKGROUND OF AFFIANT

1. I, Hunter Barry, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I have worked in Yosemite National Park as a Law Enforcement officer since February 2026. Previously, I have worked for Washington State Parks as a Law Enforcement Officer for 1 year and in a seasonal Law Enforcement position with the National Park Service at Yosemite National Park for 6 months. I attended a FLETC accredited Seasonal Law Enforcement Academy in 2023. I completed a 4-week FLETC accredited Bridge Academy in February 2026. I have completed a Washington State Criminal Justice Training Center accredited 2-week Equivalency Basic Law Enforcement Academy in 2025. I have a bachelor's degree in criminal justice from East Texas Baptist University. I am certified by the National Highway Traffic Safety Administration to do Standardized Field Sobriety Test.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

## JURISDICTION

3. The facts set forth in this criminal complaint occurred on June 11th, 2026, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an

PAGE 1 OF 10

area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Michael Joseph BEEBE (BEEBE) violated the following laws of the United States on June 11th, 2026 within Yosemite National Park:

   a. *36 CFR § 4.23 (a) (1) Operating or being in actual physical control of a motor vehicle is prohibited while: Under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation;*

   b. *36 CFR § 4.22 (b) (3) The following are prohibited: Failing to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife.*

   c. *18 U.S. Code § 13 (a) Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or*

PAGE **2** OF **10**

*omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.*

> i. *CA Penal Code § 273a (a) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years.*

## **PROBABLE CAUSE**

6. On June 11th, 2026 at approximately 17:20 hours I received a report from the Yosemite Emergency Communications Center (YECC) of a two vehicle, motor vehicle accident property damage only with possible intoxication at the Wawona General Store off Wawona Rd.

7. I arrived on scene at approximately 17:25 hours to find a black Toyota (CA 44652D2) parked diagonally in an ADA parking lane in front of the Wawona General Store. In the parking lane to the west of the Toyota was a white Mazda (CA CPN ABC) with a broken rear driver side

PAGE **3** OF **10**

brake light and broken off rear driver side panel below the brake light. The weather conditions were daylight and dry.

8. I was approached by JOLENE Beebe and A.A. as I stepped out of my vehicle. A.A identified himself as the owner of the Mazda that was struck. JOLENE, the passenger of the Toyota, told me her husband, Michael BEEBE was driving the vehicle. JOLENE stated she was distracting BEEBE as they were pulling into the parking lane and that is why they struck the Mazda. JOLENE said she had 3 young children from 3 to 6 years old in the vehicle. A.A. said there were witnesses to the collision at the front of the store. A.A. stated JOLENE told him that she was driving as they were exchanging information, but the witnesses at the front of the general store said BEEBE was driving. A.A. stated he contacted law enforcement because he believed JOLENE and BEEBE were lying about the collision. I asked JOLENE where BEEBE was, she said he was in the restroom. I asked her to bring him over here so I could talk to him.

9. After running JOLENE's CA driver's license through YECC, a witness from the group in front of the general store told me BEEBE appeared intoxicated and he did not go to the restroom but left entirely. The group of witnesses in front of the general store gave me a description of BEEBE's appearance and where he went. I walked east from the Wawona General Store in the direction described and saw a man matching the description of BEEBE given by the witnesses running south up the hill behind the restrooms towards the Wawona Hotel. BEEBE was approximately 70 yards away from me.

10. JOLENE told me BEEBE has a court date coming up for a domestic violence case from 2 years ago and they do not have a restraining order. JOLENE said BEEBE ran away from the

PAGE 4 OF 10

scene because he thinks he will be arrested for a warrant. YECC confirmed that BEEBE does not have a warrant. I asked JOLENE if BEEBE had anything to drink before the vehicle collision, JOLENE said BEEBE had one beer today at 15:30. JOLENE stated she does not know what kind of beer, but that the can was green.

11. I asked the witnesses in front of the general store if one of them would be willing to give me a written statement. I got a written and verbal statement from R.S. that BEEBE struck the Mazda. R.S. stated when BEEBE got out of the driver's seat of the vehicle, he appeared to have trouble balancing as he walked to go into the general store. BEEBE hit himself with the door of the general store as he was opening it. R.S. stated he talked to BEEBE briefly and that BEEBE's speech was slurred. R.S. stated BEEBE left the scene when he became aware law enforcement was contacted.

12. The same witnesses that provided the description of BEEBE came up to me and stated they saw BEEBE in the history center hiding. U.S. Park Ranger (USPR) Ryan Stewart and I found BEEBE looking into one of the buildings in the history center on the north side of the South Fork of Merced River. BEEBE was detained in handcuffs and frisked by USPR Stewart. USPR Stewart read BEEBE his Miranda rights. BEEBE stated he had one beer with pizza at Curry Village earlier in the day. Curry Village is approximately 26.6 miles from the Wawona General Store across a winding mountain road. USPR Stewart asked BEEBE what beer he drank and what percentage it was. BEEBE stated the beer was a Lagunitas IPA around eight percent. BEEBE stated he was driving and stuck the Mazda because he took the turn into the parking lane too tight. USPR Stewart asked BEEBE what happened after the collision.

BEEBE stated he saw the history center and walked over there while JOLENE exchanged information with A.A. This was at approximately 17:58 hours.

13. BEEBE consented to the Standardized Field Sobriety Tests (SFST). The results of the Standardized Field Sobriety Test are below.

14. Horizontal Gaze Nystagmus Test (HGN)

    a.  Preliminary

        i.  BEEBE stated he does not wear contacts or glasses and has no medical condition that affects his eyes.

        ii.  I observed equal tracking, equal pupil size in both eyes, and no resting nystagmus in both eyes.

    b.  Clues

        i.  I observed lack of smooth pursuit in both eyes.

        ii.  I observed distinct and sustained nystagmus at maximum deviation in both eyes.

        iii.  I observed onset of nystagmus prior to 45 degrees in both eyes.

    c.  Criteria

        i.  Clues need to show impairment: 4

        ii.  Clues I observed: 6

    d.  Notes

        i.  While not a standardized clue BEEBE had to be instructed multiple time to keep his head straight and follow the stimulus with only his eyes.

        ii.  I smelled a strong odor alcohol coming from BEEBE.

15. Walk and Turn Test

    a. Preliminary

        i. BEEBE stated he does not have any injuries that affect his ankles or knees.

    b. Instruction Phase

        i. BEEBE was placed in the starting position and told to remain in that position until otherwise told.

        ii. BEEBE could not keep balance while listening to instructions.

        iii. BEEBE started too soon.

    c. Walking Stage

        i. BEEBE preformed an improper turn.

    d. Criteria

        i. Clues needed to indicate impairment: 2

        ii. Clues I observed: 3

16. One- Leg Stand Test

    a. Preliminary

        i. BEEBE stated he has no medical conditions that will affect him standing on one foot.

    b. Performance Phase

        i. I observed no clues.

    c. Criteria

        i. Clues needed to indicate impairment: 2

        ii. Clues I observed: 0

17. BEEBE consented to a preliminary breath test (PBT). The PBT indicated BEEBE was at a 0.071 Blood Alcohol Content (BAC).

18. Based on the statements of witnesses and people involved, BEEBE's acts of evading law enforcement, BEEBE's admission to drinking alcohol, and meeting the threshold to indicate impairment on two of the three standardized field sobriety tests. I had probable cause to believe BEEBE was in violation of 36 CFR Section 4.23 (a) (1) Operating under the influence of alcohol or drugs, 36 CFR Section 4.22 (b) (3) Unsafe operation, and CA Penal Code § 273a (a) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years. I placed BEEBE under arrest.

19. I conducted a search incident to arrest of BEEBE and found nothing of note before placing him in the back of a patrol vehicle. USPR Stewart transported BEEBE to the Wawona Ranger Officer from the history center. BEEBE was administered an evidentiary breath test by USPR Justin Fey, and it indicated BEEBE was at a 0.07 BAC at approximately 18:48 hours.

20. JOLENE consented to a search of the vehicle. While conducting a search I found four empty crushed green Tioga Mountain Lager beer cans and one empty Lagunitas Little Sumpin'

Sumpin' IPA bottle in the bed of the truck. I found nothing else of note during the search of the vehicle.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause exist for the issuance of a summons of Michael BEEBE for operating a motor vehicle under the influence of alcohol or a drug, or drugs, or any combination thereof to a degree that renders the operator incapable of safe operation; failing to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife; and willfully causes or permits that child to be placed in a situation where his or her person or health is endangered within Yosemite National Park on June 11th, 2026.

Respectfully submitted,

Hunter Barry
United States Park Ranger
National Park Service

June 12th, 2026
Sworn to me in accordance with Fed.R.Crim.P. 4.1:

The Honorable
Helena M. Barch-Kuchta
United States Magistrate Judge

Approved as to form by:

Christopher Dell Isola
US Park Ranger (Rule 180)

PAGE **10** OF **10**