UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

v.

MICHAEL JOSEPH BEEBE,

Case No. 6:26-mj-00021-HBK-1

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO APPEAR BY VIDEO TELECONFERENCE

(Doc. No. 19)

Defendant moves to appear by video teleconference for his plea and sentencing scheduled for December 9, 2026 at 10:00 a.m. (Doc. 19). In support, Defendant points to his residence in Willits, California,[1] and claims he "will suffer financial and logistical hardship" if required to appear in person. (*Id.*). The motion is denied, without prejudice to the limited alternatives set forth below.

Federal Rule of Criminal Procedure 43 generally requires a defendant's presence at plea and sentencing hearings. In a misdemeanor case, the Court may permit the defendant to appear by video teleconference or in the defendant's absence only with the defendant's written consent and in the Court's discretion. Fed. R. Crim. P. 43(b)(2); *see also United States v. Lang*e, 963 F.2d 380, 380 (9th Cir. 1992) . Although the Government does not oppose Defendant's request, its agreement does not control the Court's exercise of discretion.

[1] Google Maps indicates that the distance between Willits, California, and the Yosemite courthouse is approximately 319 miles. *See* Google Maps, https://www.google.com/maps/ (last visited March 11, 2026).

A guilty plea waives important constitutional trial rights. An in-person plea hearing permits the Court to determine directly whether Defendant understands the charge, the consequences of a guilty plea, the rights being waived, and the terms of any proposed disposition, and whether the plea is knowing and voluntary. An in-person sentencing hearing likewise permits the Court to address Defendant directly, receive allocution, and explain the sentence and its conditions. These considerations weigh in favor of Defendant's personal appearance.

The Court further notes that defendants who reside comparable or greater distances from Yosemite are routinely required to appear personally for misdemeanor proceedings. Requiring Defendant's personal appearance is consistent with the Court's administration of comparable misdemeanor cases and will facilitate a complete plea colloquy, individualized sentencing, and direct advisement concerning any conditions imposed. Because the charged offense arose in Yosemite National Park, an in-person proceeding there is also reasonably related to the Court's interest in accountability for conduct occurring on federal park land.

The Court also notes that reliable remote participation from Yosemite has not always been available. The logistical and technical limitations associated with remote proceedings in Yosemite also weigh against a remote appearance from a private location. A plea and sentencing hearing requires reliable, secure audiovisual communication and the ability to confer confidentially with counsel. The Court therefore finds that an in-person appearance, or a secure video appearance from a federal courthouse if authorized, is more appropriate.

Alternatively, if Defendant seeks to avoid travel to Yosemite, he may timely request permission to appear by secure video teleconference from the federal courthouse nearest his residence. Any such request must include Defendant's written consent under Rule 43(b)(2), identify the proposed courthouse, confirm the availability of secure video facilities and private attorney-client communications, and be filed sufficiently in advance to permit coordination with that courthouse. The Court retains discretion to grant or deny any such request.

////

////

////

Accordingly, IT IS ORDERED:

Defendant's motion to appear by video teleconference for his plea and sentencing (Doc. 19) is DENIED without prejudice.

Dated: November 11, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE